# Gilbert T. Rafferty, Plff. in Err., *v.* John D. McKennan, Trustee.

A sale of railroad cars held invalid under the circumstances, as against a subsequent purchaser for value and without notice, at a sheriff's sale on execution against the seller, for want of evidence of a change of possession to support the first sale, except the stenciling of the buyer's name on the sides of the cars; also under act of July 5, 1883 (Pamph. L. 176).

(Decided November 2, 1885.)

Error to the Common Pleas of Westmoreland County to review a decision on an issue framed under the sheriff's interpleader act. Affirmed.

The history of the case as stated on behalf of the plaintiff in error was substantially as follows: Judgments were entered *d. s. b.* by John D. McKennan, trustee, against Bernard F. Rafferty, in January, 1885. On January 27, 1885, executions issued upon them came into the hands of the sheriff. The sheriff levied the executions upon 86 coal-hopper railroad cars as the property of the defendant, Bernard F. Rafferty. Gilbert T. Rafferty notified the sheriff that he was the owner of the cars, and on February 16, 1885, the sheriff presented his petition for rule on the execution creditor and claimed to show cause why they should not implead as to the ownership of the cars. The parties answered, and rule was made absolute, and claimant gave bond in $50,000 and filed declaration, and McKennan, execution creditor and defendant in the interpleader, filed his plea and an issue was framed, all in the usual form.

On the trial plaintiff offered in evidence a bill of sale from Bernard F. Rafferty to him, dated August 15, 1884, for the cars, for the consideration of $10,000, and made proof of execution of the sale at that time; of payment of the consideration; and that the cars were marked with his name before the levy, with stencil letters, "Owner, G. T. Rafferty," on each side.

The testimony as to this last fact was that these cars were marked several days before the levy, that the executions came into the sheriff's hands on January 27, 1885, and the levy was

NOTE.—For the necessity of change of possession in the sale of personalty, see Chase v. Garrett, *ante,* 16, and Steele v. Miller, *ante,* 151, and notes.

made on January 30, 1885; also that the tracks or frog in the track had been torn up so that the cars could not be taken away, and some of them had been repainted a new color. It was further proved that possession was tendered when sale was consummated, and that plaintiff had no place to put the cars at that time.

Judgment of *non pros.* was entered, on motion of the attorneys for McKennan, defendant in the interpleader.

A motion to take off the nonsuit and grant a new trial was refused, the following opinion being rendered:

Opinion below, by HUNTER, J.:

This issue is like all others, and we had power to enter nonsuit as in other cases. O'Neill v. Wilt, 75 Pa. 268. If the evidence raised any disputed question of fact, even if it were a fact by inference only, there should have been a submission to the jury. Bevan v. Insurance Co. 9 Watts & S. 188. But under the act of 1875 (which is but a re-enactment of act of 1836), we are given the power to enter a nonsuit if, in our opinion, the plaintiff gave no sufficient evidence to sustain his action; and it was our duty, in such case, to do so. Howard Exp. Co. v. Wile, 64 Pa. 206; Pittsburgh & S. R. Co. v. Gazzam, 32 Pa. 340.

The defendant denied nothing that the plaintiff proved. The plaintiff, claimant, had purchased the cars. They were not removed, but left in the possession of the defendant in the execution. There was not even a scintilla of evidence that after purchase there was a change of possession; not even, as in the case of Trunick v. Smith, 63 Pa. 18, where the cars were given in care of the railroad agent, which would not have been sufficient. What, then, was there for the jury ? The retention of the cars by the defendant in the execution, who was the present plaintiff's vendor, was a fraud *per se* on the execution creditors. See cases given in Brightly, 1201, pl. 65. The defendant, therefore, was not required to offer any evidence. He had nothing to offer, for he denied nothing that the plaintiff set up. It is contended, however, that the plaintiff in the execution, the present defendant, had knowledge of the sale of the cars, and leave should have been given to show this. It must be remembered, however, that this was not a case to determine the claimant's rights; it was for the benefit of the sheriff. Bain v. Funk, 61 Pa. 185; Haubert v. Larzelere, 15 W. N. C. 190.

Then what had we? The sheriff comes into court with his petition, setting forth that, by virtue of certain writs in his hands, he has levied on this property, and that it was claimed by one G. T. Rafferty. To protect the sheriff we directed an issue to determine the fact as to whether the property was subject to the levy, and an opportunity was given the claimant to show that the property was not subject to a levy, because it was his; but in doing this, he showed that he had joined in a legal fraud on the creditors in the executions. He showed that he had left the property just where the sheriff had a right to seize it at the instance of his vendee's creditors; and I cannot see how any private arrangement, even if known to some of these creditors, could protect the property; and by giving the nonsuit we only say to the sheriff: You had the right to levy on the property by the claimant's own showing. There is nothing else in the reasons assigned calling for further comment. Motion denied.

The plaintiff brought error.

*Welty McCullogh,* for plaintiff in error.—The rule of law is that in personal property possession must accompany the sale thereof or no title passes as against execution creditors without notice. Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346. This, however, is but a rule of law, and rules, it has been well said, are proved by the exceptions to them. All the books recognize the exception, where articles are bulky, that quasi possession is all that can be asked. Barr v. Boyles, 10 W. N. C. 253; Pearson v. Carter, 94 Pa. 156; Parks v. Smith, 94 Pa. 46; McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588.

There can be no question that 86 cars, of about 30 feet each in length, taking up a total track room of 2,580 feet, more than 1/3 of a mile, to stand them upon, is personalty of sufficient bulk to come within the rule.

When the creditor is not defrauded by the act of the claimant he cannot set up title because it might under other circumstances have been a fraud against others. Zuver v. Clark, 14 W. N. C. 36.

There was also a fair question of fact for the jury as to whether the marking of the name of the owner on these cars was made before the issuing of execution, and it was undoubtedly and indisputably established that the cars were marked before

levy, the deputy sheriff so testifying; and it was also a fair question of fact whether, with part of the cars held in alleged bailment, plaintiff had not all the possession possible. Forsyth v. Matthews, 14 Pa. 100, 52 Am. Dec. 522; Chase v. Ralston, 30 Pa. 539; McVicker v. May, 3 Pa. St. 224, 45 Am. Dec. 637.

A sale of goods in the hands of a bailee is valid as against an execution creditor without actual delivery. Woods v. Hull, 81* Pa. 451.

The rule of law does not say that property owned by one and in the possession of another at the time the execution issues is bound by the execution as other property of a defendant; but only that such property may be seized by the sheriff and sold for the debt of the defendant because of the owner's laches when the creditor is without notice of ownership. In this case, when the sheriff came to seize the property he found it marked with the owner's name, and no actual fraud has been ever imputed to the plaintiff, but they seek to establish a fraud in law. Hoofsmith v. Cope, 6 Whart. 53.

In the refusal to allow the case to go to the jury, and refusing a new trial, the sale being admittedly bona fide, the court ruled, in the face of Rothermel v. Marr, 98 Pa. 285; McPherson v. Kinnear, 12 W. N. C. 40; Barr v. Boyles, 96 Pa. 31; Smith v. Crisman, 91 Pa. 428; Adams Exp. Co. v. Lyons, 7 W. N. C. 421; Evans v. Scott, 89 Pa. 136, and cases *supra*,—that reasonable possession is sufficient. Sheldon v. Sharpless, 2 W. N. C. 311, 33 Phila. Leg. Int. 109.

Even if the sale had gone on, and the plaintiff in the writ, defendant in the issue, had bought the cars, under the ruling in Coble v. Nonemaker, 78 Pa. 501, he would have taken no title, because he had notice, or, rather, the banks had notice through their cashiers (Boggs v. Lancaster Bank, 7 Watts & S. 331); and it was admitted that facts that would bind the banks would bind him.

In Moxley v. Tewksbury, 2 W. N. C. 607, where a woman had sold a melodeon to her son, and they both lived with her father, it was held that, if the father had notice of the sale and held the melodeon for the boy, there was sufficient possession and notice to make a good title.

This court went to the fullest extent of the law, in ruling in Trunick v. Smith, 63 Pa. 18, where a car was on a siding, and notice of a change of ownership had been given to the agent of

the railroad company, but not to the creditor, that the change of possession was not sufficient; and the court, in delivering the opinion, said that it was a close case.

McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588, we think, rules this case as one that should go to the jury.

The retention of possession by the vendor of chattels is a fraud in law whenever they are capable of delivery and no honest and fair reason can be given for the vendor not giving up possession to the vendee. Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346.

Further: "Where the subject of the sale is not reasonably capable of an actual delivery, a constructive delivery will be sufficient. In such case it is only necessary that the vendee should assume the control of the subject so as reasonably to indicate to all concerned the change of ownership. The question is, Did the vendor do all that might be reasonably expected in the case of a real and honest sale?" McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588.

Monroe v. Smith, 79 Pa. 459, rules, and that, too, in regard to realty, where the rules of conveyance are more strict than in personalty, that, "if the subsequent creditor had notice of the conveyance at the time his debt was contracted, there could be no fraud as to him;" and Frantz v. Ruggles, 7 Luzerne Legal Reg. 73, approved by the supreme court, rules that the want of change of possession, there being other indicia of ownership, does not render the transaction fraudulent *per se* as against a subsequent creditor who had previous knowledge of the fairness of the sale.

The act of July 5, 1883 (P. L. 176), in reference to lessees of cars, was cited by defendant, but as this case turns on the claim that the cars were in possession of the vendor, and not the vendee, the act is not in point. If defendant will admit possession in the vendee he has no case at all, and the act adheres to the words "without notice."

The court below, in refusing to take off the nonsuit, cited Bain v. Funk, 61 Pa. 185, which in passing on the right of a claimant of chattels to maintain an action against the creditor or sheriff, the writ of error having been sued out, assigning error in the discharge of a rule to interplead, rules "that this," *i. e.,* the discharge of the rule, "did not affect the title of the

claimant to the goods," nor prejudice his right of action against the sheriff for their seizure and sale.

The court below also. cited at the same time Haubert v. Larzelere, 15 W. N. C. 190, which rules: "Where claimant omits to file bond and *narr.,* and the sheriff, on motion of plaintiff, proceeds in the execution, the claimant is debarred of any action against the sheriff, but his right against the plaintiff remains unaffected."

*Hazlet & Williams* and *C. C. Dickey,* for defendant in error. —That a sale of chattels may be ·good against creditors, such chattels must either pass to the vendee, or the vendor must pass away from them, leaving them in the exclusive possession of the vendee. The transfer must be actual, continuing, and exclusive in the vendee. Garman v. Cooper, 72 Pa. 32; Young v. M'Clure, 2 Watts & S. 147.

It is an inflexible rule which makes it fraud *per se* where possession does not follow, as well as accompany, the transfer of personal property. Milne v. Henry, 40 Pa. 352; Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346; Carpenter v. Mayer, 5 Watts, 485; Chase v. Ralston, 30 Pa. 539; Trunick v. Smith, 63 Pa. 18.

In this latter case it was held that a railroad truck left upon a siding and in charge of an agent of the railroad company, who was appointed the agent of the vendee, was still subject to execution at the suit of creditors of the vendor.

In Dougherty v. Haggerty, 96 Pa. 515, the court held that. marking the name of the vendee upon piles of lumber, which remained at the sawmill of the vendor, would not protect the lumber from the vendor's creditors.

The act of July 5, 1883 (P. L. 176), provides "that, whenever any railroad equipment and rolling stock shall hereafter be sold, leased, or loaned, on the condition that the title to the same, notwithstanding the possession and use of the same by the vendee, lessee, or bailee, shall remain in the vendor, lessor, or bailor until the terms of the contract as to the payment of the instalments, amounts, or rentals payable, or the performance of other obligations thereunder, shall have been fully complied with, such contract shall be invalid as to any subsequent judgment creditor, or any subsequent purchaser for a valuable consideration without notice, unless," etc. It then provides for a

writing, duly acknowledged and recorded in the mortgage book, in the county in which is located the principal office or place of business of such vendee, lessee, or bailee, and for plainly marking each car upon both sides with the name of the vendor, lessor, or bailor, followed by the word "owner," "lessor," "bailor," or "assignor," as the case may be.

We contend that the clause, "without notice," applies only to the case of a subsequent purchaser, and not to the case of a subsequent judgment (execution?) creditor,—that a subsequent purchaser might be affected with notice; not a subsequent execution creditor.

PER CURIAM:

There is no error in the rejection of evidence, nor do we see any in taking the case from the jury. There is no evidence of a change of possession in pursuance of the purchase. Moreover, the act of July 5, 1883, appears to be fatal to the plaintiff's claim to recover.

Judgment affirmed.